

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

April 26, 1939

Honorable W. Kennedy
County Attorney, Bee County
Beeville, Texas

Dear Sir:

Opinion No. O-649
Re: Does an irregularity in the posted notice of Election for Rural High School Trustees invalidate the election?

We are pleased to comply with your request, as contained in your letter of April 17th, for our opinion on the above question. We appreciate the help given us by the statutes and authorities which you cited in your letter.

You state that the Pettus, Tuleta, Normanna Rural High School District No. 33 is composed of four Common School Districts, containing more than 100 square miles and more than 400 scholastic population. The posted notice of election for the election of two trustees of this Rural High School District, held on April 1, 1939, stated: ". . . at least one of said trustees to be elected from each of the following Elementary School Districts, viz: Normanna Common School District No. 33; Pettus Common School District No. 33."

We agree with you that the trustees of rural high school districts should be elected from the district at large, and not from the component common or independent school districts. It is so provided by Article 2922a, Revised Civil Statutes of Texas, 1925 as amended, Acts 1927, 40th Legislature, 1st Called Session, p. 200 Ch. 78, which reads in part:

". . . provided that when one or more common school districts are so annexed to a common school district having four hundred or more scholastic population, as the

case may be, a board of trustees shall be elected from the district at large and shall have the management and control of the district as enlarged until the time for the next election and qualifications of trustees for common and independent districts, as provided by General Law."

Article 2922c, Revised Civil Statutes, Acts 1927, 40th Legislature, 1st Called Session, p. 206, Ch. 78, Sec. 3, provides in part:

"The control and management of the schools of a rural high school district, established under the provisions of this Act, shall be vested in a board of seven trustees, elected by the qualified voters of the said district at large, who shall be elected and serve in accordance with the provisions of General Law relative to common school districts, except as may be otherwise provided herein; and provided that such elementary district included in such rural high school district must be the residence of at least one member of said board. Any vacancy shall be filled for the unexpired term by appointment by the county board of trustees. Provided that for a rural high school district formed with more than one hundred square miles of territory, or containing more than seven elementary districts, as provided in this Act, the board of trustees as herein provided for, shall be elected from the district at large. Should any rural high school district fail to elect a trustee or trustees as provided for in this Act, the county board of trustees shall appoint said trustee or trustees."

It is clear that pursuant to the underlined passages of the above statutes, the trustees of the Pettus, Tuleta, Normanna Rural High School District should be elected from the district at large, since it contains more than 100 square miles. For the manner of electing these trustees and the rules governing same, Article 2922a (supra) directs that they "shall be elected and serve in accordance with the provisions of General Law relative to common school districts." We are thereby referred to Articles 2745 (Acts 1905, P. 263, as amended, Acts 1929, 41st Leg. 2nd C. S. p. 3, Ch. 2), 2746 (As amended Acts 1937, 45th Leg. p. 472, Ch. 237, Sec. 1) and 2746a (as amended, Acts 1935, 44th Leg., p. 135, ch. 55, Sec. 2).

The only provision in any of said three articles which relates to the posting of notice of a trustee election is the following from Article 2746:

"The board of trustees, when ordering such election and appointing persons to hold election, shall give notice of the time and place where such election will be held, which notice shall be posted at three (3) public pleces within the district at least twenty (20) days prior to the date of holding said election."

Under the above cited statutes, we are as yet without express direction as to the effect of an irregular notice of election, such as here involved, upon the validity of the trustee election held thereupon.

The question of the validity of an election of trustees of a common school district in which election there were certain irregularities was considered by the Austin Court of Civil Appeals in Scherz v. Telfer (1934), 74 S. W. (2d) 327. We quote, at length, from the opinion in thatcase:

"The manner and method of holding elections for common school trustees are provided by articles 2745, 2746, and 2746a, R. S. 1925, as amended. See Vernon's Annotated Texas Statutes as supplemented. It is the contention of appellant that these statutes, included under the title "Public Education," control such elections entirely, and that such elections are not subject to the provisions of the Terrell Election Law as embodied in title 50, Revised Statutes; that such elections under articles 2745, 2746, and 2746a are in the nature of special elections, and are controlled entirely by said articles; that the provisions of articles 3008 and 3018, which require the signature of the election judge on the ballot, do not apply; and that the failure of the ballots to have such indorsement does not render the election void. With this contention we cannot agree.

"Article 2923, being the first article of title 50, provides: 'The provisions of this title shall apply to all elections held in this State, except as otherwise provided herein.'

"We find nothing in the statute expressly excluding from the provisions of the election laws the election of common school trustees. The election of such trustees is, of course, undoubtedly controlled by the provisions of articles 2745, 2746, and 2746a in all matters and things covered by the provisions of said articles. But it is manifest, we think, that in all other matters not covered by said articles the provisions of the Terrell Election Law would apply. While it has been held that the provisions of the general election law do not apply to special elections, such as elections for

the removal of the county seat, stock laws, local op-
tion laws, consolidation of school districts, voting
district bonds, or levying a local tax, we think the
election here involved does not come under that classi-
fication. Williams v. Hammond (Tex.Civ.App.) 278 S. W.
304; Chestnut v. Wells (Tex.Civ.App.) 278 S. W. 465;
Miller v. Coffee, 118 Tex. 381, 15 S. W. (2d) 1036.
Such elections as above enumerated are clearly local
in character, of infrequent occurrence, apply only to a
given locality, are usually final, the matters voted
upon disposed of at a single election, and are not
recurring in character. Wallis v. Williams, 101 Tex.
395, 108 S. W. 153. In the latter case, Chief Justice
Gaines clearly defines the distinction between special
elections and a general election, and a reference
thereto will render unnecessary discussion of such
distinction here. We think the election of common
school trustees does not constitute a special election
dealt with in the above decisions. Such election is
not confined to any given locality, nor to any given
individual, nor to any limited class of individuals.
On the contrary, articles 2745, 2746, and 2746a relate
to all common school districts throughout the state, and
to the election of the trustees thereof, provide for
such election each year throughout the state, and are
therefore essentially general in their application.
It is now settled that a school trustee is a county
officer, required to take the constitutional oath, and
that a contest of his election is referable to the
general law. Fowler v. Thomas (Tex.Civ.App.) 275 S. W.
253, and cases there cited."

We must therefore look to the statutes governing elections
generally, sometimes referred to as the Terrell Election Law, being
now incorporated, as amended in Title 50, Article 2923, et seq.
of the Revised Civil Statutes, in order to find the rules, which
have not elsewhere been set out, applying to elections of trustees
of rural high school districts.

Article 2949, Revised Civil Statutes, 1925, reads:

"A failure from any cause, on the part of the Governor,
or the county judge or commissioners' court, or of both,
to order or give notice of any general election shall not
invalidate the same if otherwise legal and regular."

Hon. . ennedy, April 26, 1939, Page 5

The Commission of Appeals of Texas in Countz v. Michell (1931), 38 S. . (2d) 770, in answer to certified questions from the Court of Civil Appeals of Galveston in holding the notice of election there under consideration valid, said:

"An election held at the time and place fixed by law is valid even though no order or call has been issued therefor, as the right to hold such an election is derived from the law and not from any notice. C. J. Vol. 20, § 79, p. 96.

"A failure to give notice of such an election does not render the same nugatory, as every person is required to take notice of what the statute prescribes. People v. Cowles, 13 N. Y. 350; People v. Hartwell, 12 Mich. 508, 86 Am. Dec. 70; Dishon v. Smith, 10 Iowa 212; State v. Orvis, 20 Wisc. 235; Mechem on Public Officers § 174; R. C. L. Vol. 9, §13."

The court then went on to point out (which is not material for the determination of our question, but calls attention to the different rule in "special" and "general" elections);

"But where the election is a special one, to be called and the time and place fixed by some authority, it is essential to the validity thereof that it be called or ordered by the very authority designated by law and no other."

In Lewis v. Stanton Independent School District, 294 S. W. 863, the El Paso Court of Civil Appeals held that failure to post distant markers around the polls did not invalidate a school bond election, there having been no electioneering, because "the failure to post the same is a mere irregularity, which did not affect the result, and does not invalidate the election."

In Williams v. Glover, 259 S. W. 957, wherein the Waco Court of Civil Appeals affirmed the validity of an election for increase of a school district tax, said:

"The notices of election posted in such school district were irregular in attributing the order for such election to the commissioners' court, and in the manner of their authentication. Nevertheless, they gave adequate and accurate information concerning the time, place, and purpose of such election. While the statutory provisions with reference to posting notices, when substantially complied with, are sufficient in themselves

to support the validity of such an election, such compliance constitutes constructive notice only . . . We do not think the irregularity shown was sufficient to effect the validity of such election."

In Meyers v. Walker, 264 S. W. 314, (affirmed by the Supreme Court of Texas in 266 S. W. 499), the Fort Worth Court of Civil Appeals considered the effect of an irregularity in the notice of a municipal bond election and said:

"It was alleged that the notice in the case before us was indefinite and uncertain, in that it provided for the election 'at the courtroom in the City of Lamesa, Texas,' whereas, in fact, there were two courtrooms, one for the county court and one for the district court, in the same building. The verified answer of the defendants, however, makes it to distinctly appear that there was a written notice signed by the mayor, posted in three public places in the city of Lamesa, to-wit, the courthouse, post office, and First National Bank, as required by law regulating general elections, for more than 30 full days before the date of election, specifying that the election was to be held in the county courtroom.

"It was further alleged in the answer that notice of the election had been in fact published in the Dawson County Journal on November 2nd, 9th, 13th, 16th and 30th. So that, conceding the necessity of giving a sufficient notice of the election, we cannot say, in view of the verified answer, that the court erred in dissolving the temporary writ of injunction on this ground."

It is to be noted that in the three last above cited cases the elections which were being attacked were all "special" elections, and for this reason the rules as to the requisite notice therein announced would not necessarily be controlling in a "general" election, such as for rural high school district trustees, with which we are here concerned. The courts have generally required a much stricter compliance with the statutory formalities in the case of special elections than in general elections. We have cited these cases only for the purpose of showing that the courts have, even in special elections, permitted certain minor irregularities of notice, where it appeared that the results of the election could not possibly have been affected thereby.

It is true that in Robinson v. Bostrom (San Antonio Court of Civil Appeals, 1929),21 S. W. (2d) 580, it was held that a

misdescription of the territory to be covered in the notice for a bond election was such error as to render the election void. In Coffee v. Lieb (Eastland Ct. of Civ. App., 1937), 107 S. W. (2d) 406, a local option election was held to be void for want of a written order of the commissioners' court calling such election as provided by statute. Both of these cases involved special elections. In the latter case the court expressly stated that the rule would have been contra in a general election. Referring to the Supreme Court opinion in Countz v. Michell (supra), the Eastland Court said:

"After declaring the rule that failure to give notice of a general election does not render the election nugatory, the court said: 'But where the election is a special one, to be called and the time and place fixed by some authority, it is essential to the validity thereof that it be called or ordered by the very authority designated by law and none other. . .'."

The Texas Supreme Court in Wallis v. Williams, 108 S. W. 153, said:

"We think the Legislature did not intend to make the Terrell election law applicable to special elections."

Replying now, specifically to your first question, i. e. whether the trustee election held in the Pettus, Tuleta, Normanna Rural High School District is invalid by reason of the fact that the posted notices of said election indicated that one trustee would be elected from each of two of the component Common School Districts, we respectfully advise you that this irregularity does not invalidate the election. It is true that Article 2922e, Revised Civil Statutes, expressly provides that the trustees in districts of over 100 square miles shall be elected from the district at lar and they must be so elected. But the accuracy of the posted notic is not a jurisdictional prerequisite to the authority to hold such a trustee election. As provided by Article 2949, and as announced by the Supreme Court of Texas in Countz v. Michell (both discussed supra), the entire absence of notice for a general election does not invalidate the election. If such an election may be valid wit out notice, we believe that such error in the posted notice as is here involved does not invalidate the election.

Your second question relates to the printing of the name of a candidate for trustee on a ballot who did not file his reques within 10 days of the election. In order for us to answer this question, kindly advise us whether the election in question was ir

Hon. C. Kennedy, April 26, 1939, Page 8

a common, independent or rural high school district, and, if possible, the statutory provision under which the same was created. We would also greatly appreciate your brief on this question.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Walter R. Koch

Walter R. Koch
Assistant

WRK:H

APPROVED

ATTORNEY GENERAL OF TEXAS